IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-162-FL

| | |
|---|---|
| REINALDO OLAVARRIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA; ROY )<br>COOPER, Governor, in his official capacity )<br>and private capacity; REGINA )<br>PETTEWAY, in her individual and private )<br>capacity; TRACY CHAMPION, in her )<br>individual and private capacity; TARA )<br>DAWKINS, in her individual and private )<br>capacity; DELORES TAYLOR, in her )<br>individual and private capacity; DORETHA )<br>JONES, in her individual and private )<br>capacity; YETVETTE GRIFFIN, in her )<br>individual and private capacity; NICOLE )<br>FIELDS, in her individual and private )<br>capacity; DOREEN PEARSON, in her )<br>individual and private capacity; THERMAN )<br>NEWTON, in his individual and private )<br>capacity; CHRISTINA HENDERICKS, in )<br>her individual and private capacity; )<br>MANDY COHEN, NCDHHS Secretary; )<br>DR. JAMES A. SMITH, III, Chair of Wake )<br>County Board of Commissioners; and )<br>BARBARA GIBSON, Director of North )<br>Carolina Office of State Human Resources, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on frivolity review of plaintiff's pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and

recommendation ("M&R"), wherein it is recommended that the court allow plaintiff's claims to proceed but dismiss certain defendants from this case. Plaintiff timely filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendants State of North Carolina ("State"), Roy Cooper ("Cooper"), Regina Petteway ("Petteway"), Tracy Champion ("Champion"), Tara Dawkins ("Dawkins"), Delores Taylor ("Taylor"), Therman Newton ("Newton"), Christina Hendericks ("Hendericks"), James A. Smith, III ("Smith"), and Barbara Gibson ("Gibson") are dismissed from the case. The court allows certain of plaintiff's claims against Mandy Cohen ("Cohen"), Doretha Jones ("Jones"), Yetvette Griffin ("Griffin"), Nicole Fields ("Fields"), and Doreen Pearson ("Pearson") to proceed.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action by filing motion for leave to proceed in forma pauperis ("IFP") on April 24, 2019. Plaintiff asserts various claims under 42 U.S.C. § 1983, including violation of due process, retaliation, discrimination, invasion of privacy, violations of the Fourth and Fifth Amendment, and wrongful denial of supplemental nutrition assistance program ("SNAP") benefits. Plaintiff seeks compensatory damages, declaratory relief, and costs. On January 2, 2020, the magistrate judge granted plaintiff's IFP motion. The magistrate judge further recommended that plaintiff's claims be allowed to proceed, but that certain defendants be dismissed due to sovereign immunity and governmental immunity.

Upon de novo review of plaintiff's complaint, the court adopts the magistrate judge's statement of the facts as summarized herein. In March 2019, Fields, an employee of Wake County Human Services ("WCHS"), denied plaintiff's SNAP recertification. (Compl. (DE 5) at 7). Fields denied plaintiff's benefits because he refused to sign a consent for the release of information form, and because he failed to attend a recertification interview. (Id. at 7–9). Plaintiff alleges that the

requirement to sign a consent for release of his information is a violation of his privacy and his Fourth and Fifth Amendment rights. (Id. at 8, 10). He also alleges that Fields failed to send notice of the recertification interview. (Id.). Pearson and Griffin, also employees of Wake County Human Services, allegedly assisted Fields using coercion, blackmail, and threats when communicating with plaintiff. (Id. at 8–9).

Plaintiff previously had problems with WCHS prior to the March 2019 denial of SNAP benefits. (Id. at 9). WCHS allegedly denied his SNAP applications in error on multiple occasions over the past several years, and workers allegedly falsified records or failed to abide by SNAP policies and regulations. (Id. at 9, 11, 13–17). Plaintiff appealed the denial of his benefits on several occasions, in one instance resulting in a stipulation between plaintiff and WCHS that WCHS allegedly failed to abide by. (Id. at 9, 13). WCHS allegedly did not process his applications within the required 30 days, and WCHS employees asked for documents that they knew plaintiff did not have. (Id. at 10). WCHS workers allegedly expressed racist and prejudiced attitudes toward individuals like plaintiff who are disabled, Hispanic, and male. (Id. at 11). WCHS allegedly denied him benefits in retaliation for filing complaints. (Id.). During a hearing, Jones, an intake supervisor for WCHS, allegedly lied under oath on multiple occasions and defamed plaintiff. (Id. at 19).

Plaintiff communicated with Petteway, the head of WCHS, about the intentional acts of WCHS employees and Petteway did not respond to plaintiff's complaints. (Id. at 10). He filed a state level complaint with Newton, a policy consultant for North Carolina Department of Health and Human Services ("NCDHHS") that also went unaddressed. (Id.). The Governor, Wake County Board of Commissioners, and North Carolina Office of State Human Resources all had the capability to intervene and address the matter but failed to act. (See id. at 10, 15, 23).

Finally, plaintiff alleges that he applied for employment with the State of North Carolina but was denied because of a disability. (Id. at 26).

## COURT'S DISCUSSION

A.   Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). Thus, if the court determines on frivolity review that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure.").

Where the court considers a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Plaintiff objects to the magistrate judge's determination that sovereign immunity and governmental immunity bar his claims. Plaintiff also objects to the dismissal of personal capacity claims in the instant case for failure to state a claim.

1.  Sovereign Immunity

Plaintiff raises § 1983 claims against several state officers in their official capacities. "[T]he fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III" of the United States Constitution. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 10, 15 (1890)). Thus, "an unconsenting State is

immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Employees of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri, 411 U.S. 279, 280 (1973). A state's immunity to suit in federal court may be abrogated in two limited circumstances: 1) a state may unequivocally express its consent to be sued in federal court, or 2) with an unequivocal expression of intent, Congress may abrogate sovereign immunity to enforce rights protected by the Fourteenth Amendment to the United States Constitution. See Fitzpatrick v. Bitzer, 427 U.S. 445, 457 (1976); Edelman v. Jordan, 415 U.S. 651, 673 (1974). Section 1983 does not abrogate sovereign immunity. Quern v. Jordan, 440 U.S. 332, 342 (1979); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding the state and officials acting in their official capacities are not "persons" under § 1983).

However, the doctrine of sovereign immunity "does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law." Green v. Mansour, 474 U.S. 64, 68 (1985) (citing Ex parte Young, 209 U.S. 123, 155–56 (1908)); see Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002). Such official capacity claims may be made against state officers that have a "special relation" to the law to be enforced. Young, 209 U.S. at 157; S.C. Wildlife Fed'n v. Limehouse, 549 F.3d 324, 333 (4th Cir. 2008) (holding that state officials are properly sued in their official capacities under Young when they have proximity to and responsibility for the challenged state action).

At this juncture, the only exception to the sovereign immunity bar is plaintiff's official capacity claim for declaratory relief against Cohen, the Secretary of NCDHHS. Cohen administers the SNAP program in North Carolina, thus giving rise to the "special relation" necessary to sustain a claim under Young. See D.T.M. ex rel. McCartney v. Cansler, 382 F. App'x 334, 338 (4th Cir. 2010). In contrast, plaintiff's official capacity claims against defendants State, Cooper, Gibson,

and Newton are barred by sovereign immunity, and thus subject to dismissal for lack of subject matter jurisdiction.[1]

2. Governmental Immunity

"Under the doctrine of governmental immunity, a county is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity." Meyer v. Walls, 347 N.C. 97, 104 (1997). "[A]n action against a county agency which directly affects the rights of the county is in fact an action against the county." Id. However, § 1983 abrogates municipalities' governmental immunity. Owen v. City of Indep., Mo., 445 U.S. 622, 657 (1980); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

Construing plaintiff's pro se claims broadly, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), plaintiff's § 1983 official capacity claims against defendants Petteway, Champion, Dawkins, Taylor, Jones, Griffin, Fields, Pearson, Hendericks, and Smith are in fact a suit against Wake County. See N.C. Gen. Stat. § 153A-255 (enabling counties to establish boards of social services); Avery v. Burke Cty., 660 F.2d 111, 114 (4th Cir. 1981) (explaining that, if the county board of social services conduct violated § 1983, the county would be liable). Governmental immunity therefore does not apply to plaintiff's official capacity claims against these individuals.

3. Failure to State a Claim

a. Official Capacity Claims

As noted above, plaintiff alleges § 1983 official capacity claims against Wake County officials and employees. See Huggins v. Prince George's Cty., Md., 683 F.3d 525, 532 (4th Cir. 2012); Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004). Municipalities may be held liable

---

[1] Plaintiff argues that the Rehabilitation Act of 1973 ("Rehabilitation Act") and the Americans with Disabilities Act of 1990, as amended ("ADA"), abrogate sovereign immunity with respect to his employment discrimination claim. (See Compl. (DE 5) at 26). The court separately addresses plaintiff's employment discrimination claim below.

under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of by plaintiff. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "'[A] municipality cannot be held liable' solely for the acts of others, e.g., 'solely because it employs a tortfeasor.'" Los Angeles Cty., Cal. v. Humphries, 562 U.S. 29, 36 (2010) (quoting Monell, 436 U.S. at 691).

"If the decision to adopt [a] particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood." Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). "[W]here action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly." Id. An "authorized decisionmaker" is one who "possesses final authority to establish municipal policy with respect to the action ordered." Hunter v. Town of Mocksville, N. Carolina, 897 F.3d 538, 554–55 (4th Cir. 2018) (internal quotation marks omitted) (quoting Liverman v. City of Petersburg, 844 F.3d 400, 413 (4th Cir. 2016)).

Plaintiff's complaint fails to allege a policy or custom implemented by an authorized decisionmaker of Wake County gave rise to his § 1983 claims. Accordingly, his official capacity claims against defendants Petteway, Champion, Dawkins, Taylor, Jones, Griffin, Fields, Pearson, Hendericks, and Smith are dismissed without prejudice for failure to state a claim.

      b.      Individual Capacity Claims

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). On de novo review of plaintiff's complaint, the court concludes that Fields, Person, Griffin, and Jones

are the only individuals against whom plaintiff, on frivolity review, plausibly alleges are personally responsible for violations of his rights under § 1983.

        c.        Employment Discrimination Claim

Plaintiff also conclusively alleges that defendants Cooper and Gibson engaged in employment discrimination by refusing to hire him because of a disability, in violation of the Rehabilitation Act, 29 U.S.C. § 794, and the ADA, 42 U.S.C. § 12112. (See Compl. (DE 5) at 26). Plaintiff's complaint is devoid of factual enhancement, and thus fails to plausibly state a claim of employment discrimination. See Doe v. Univ. of Maryland Med. Sys. Corp., 50 F.3d 1261, 1264–65 (4th Cir. 1995).

**CONCLUSION**

Based on the foregoing, plaintiff's § 1983 claims are ALLOWED to proceed against defendants Doretha Jones, Yetvette Griffin, Nicole Fields, and Doreen Pearson in their individual capacities, and against defendant Mandy Cohen in her official capacity as Secretary of NCDHHS. Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is DIRECTED to provide the clerk of court with proposed summonses for defendants Jones, Griffin, Fields, Pearson, and Cohen. The clerk is DIRECTED to serve plaintiff's complaint by United States Marshal in accordance with Federal Rule of Civil Procedure 4(c)(3).

SO ORDERED, this the 5th day of February, 2020.

                                                    _____
                                                    LOUISE W. FLANAGAN
                                                    United States District Judge